**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                             **Case No. 8:03-cr-77-T-30TBM**

**HATEM NAJI FARIZ,**

    **Defendant.**
_____/

**O R D E R**

THIS CAUSE is before the court on Defendant's **Amended Motion for Correction and Reconsideration of Magistrate's Discovery Order of May 10, 2005 and for Related Discovery Relief** (Doc. 1096).[1]  By this motion, Mr. Fariz seeks an Order correcting the court's incorrect listing of an overt act referenced in footnote 1 of the Order.  Additionally, Mr. Fariz protests that the Order lists counter-translations which are inconsistent with those he has served on the Government and identified for possible use at trial and "appears to suggest that other defense translations produced will be excluded if they have not yet been provided to the government."  (Doc. 1096 at 1).  Further, Mr. Fariz seeks reconsideration of prior deadlines established by the court for the production of the Defendants' foreign-

---

[1] Defendant's **Motion for Correction and Reconsideration of Magistrate's Discovery Order of May 10, 2005 and for Related Discovery Relief** (Doc. 1070), which Defendant Sami Al-Arian has adopted see (Docs. 1084, 1105), is **DENIED** as moot.

language translations/transcripts.[2]  For the reasons set forth herein, the motion (Doc. 1096) is **GRANTED in part** and **DENIED in part**.

Insofar as Mr. Fariz complains that the court incorrectly listed overt act 210 in footnote 1 of the Order, the objection is well-taken.  As indicated in the motion and confirmed upon the court's review of the recording of the hearing, the overt act actually identified by counsel for Mr. Fariz during this portion of the hearing was overt act 310 not 210.  Thus, this aspect of the motion is GRANTED, and the Order shall reflect this correction.

As for Mr. Fariz's assertion that the overt acts specified in the Order are inconsistent with others under discussion with the Government, some additional comments regarding the court's reference of such in a footnote are appropriate.  The specific overt acts listed in this footnote were provided by Mr. Fariz's counsel in response to the court's inquiry concerning which of the Government's overt act translations/transcripts would likely be challenged at trial by way of a defense translator and Defendant's counter-translations/transcripts.  These discussions were part of the larger discussions intended to streamline the introduction of foreign-language translations at trial.  The footnote was inserted for illustrative purposes and to identify those particular overt acts of which counsel needed to address further with the Government in an attempt to narrow the actual disputes at trial.  It did not list the full universe of counter-translations produced by Mr. Fariz and provided to the Government, nor was it intended to.  Significantly, the Order does not suggest any limitation on Mr. Fariz using

---

[2] At this time, the court finds that a response by the Government is not warranted. Should the Government wish to respond, it may do so before the District Judge.

any counter-translations/transcripts which were timely produced to the Government.[3]  As a result, any perceived inconsistency is without consequence.  To the extent that the motion sought correction in this regard, it is DENIED.

The Order *does* suggest that counter-translations/transcripts not already provided by the Defendants to the Government should be excluded from trial as untimely unless otherwise ordered by the trial judge.  As the record will reflect, the court's Order of April 8, 2005, extended the Defendants' deadline for serving counter-translations/transcripts for the last time.  By this Order, the Defendants' counter-translations/transcripts were due no later than May 1, 2005.[4]  (Doc. 960).  While there may be specific instances in which defense counsel were prevented from meeting this deadline due to circumstances beyond their control and these circumstances may warrant the use at trial of a late counter-translation/transcript, Mr. Fariz, as well as the other Defendants, have had a fair and adequate amount of time to review the evidence and produce translations/transcripts for their defense.  As his motion indicates, Mr. Fariz and his counsel were provided tapes of the recorded conversations listed in the overt acts beginning in March 2003.  They received "tech cuts" of the FISA intercepts and

---

[3]As addressed in some detail at the hearing, Mr. Fariz has produced in excess of 200 counter-translations/transcripts related to the overt acts.  As to most of these, there has been no offer by the Government to stipulate.  However, according to counsel for Mr. Fariz, only a handful of this larger number of counter-translations/transcripts are likely to result in their calling their own translator for purposes of introducing the counter-translation at trial, and it is those counter-translations/transcripts which the court sought to identify in the footnote.

[4]The original defense deadline set by the court for the production of the counter-translations/transcripts was December 31, 2004.  See (Docs. 605, 643, 654).  That deadline was extended to March 18, 2005.  See (Doc. 824).  Based on the discussions at the hearing on April 6, 2005, the Defendants were allowed until May 1, 2005, to complete this production. See (Doc. 960).  By this latter Order, the Defendants were granted until May 16, 2005, the anticipated start of trial, to provide the Government with translations of any foreign-language matters they intended to use in their case-in-chief.

3

recorded conversations from his phone lines in March 2004. Relatively speaking, Mr. Fariz has far fewer acts of misconduct to defend against than do some of his coconspirators, and he was released on bond shortly after his arrest and has had over two years with near total access to the Government's evidence for purposes of reviewing and producing defensive matters.[5] Most significantly, beyond his general complaints, Mr. Fariz fails to demonstrate prejudice arising from this alleged insufficient amount of time to review and produce translations/transcripts needed to defend against the Government's allegations.

One aspect of Mr. Fariz's argument deserves additional attention. In particular, Mr. Fariz points to the flurry of recent discovery production by the Government and its continued production of additional foreign-language translations/transcripts. He contends that part of the delay in producing counter-translations/transcripts was caused by the Government's serving revised translations/transcripts of previously provided material and wholly new translations/transcripts even after the February 18, 2005, deadline for such production by the Government. To the extent that the Government has produced wholly new translations/transcripts (not revisions of earlier transcripts) after the February 18, 2005, cutoff, those translations/transcripts are untimely and deserve the same treatment. Accordingly, to

---

[5]To the extent Mr. Al- Arian has joined in this motion and has adopted Mr. Fariz's counter-translations/transcripts, he too has had adequate time and opportunity to prepare for his defense. For over two years, he has had his own copy of the recordings alleged in the overt act section of the indictment, and as the record in these proceedings reflects, there has been an extraordinary effort on the court's part to accommodate both Mr. Al-Arian and Mr. Hammoudeh because of their pretrial detention. While Mr. Al-Arian's access to the discovery material has been less than that of Mr. Fariz, his attorneys have not been so constrained and they simply offer no good excuse for failing to address the translations/transcripts in a timely manner. Thus, at this time, they do not demonstrate any real prejudice from being prevented from serving any other translations/transcripts.

the extent the Government has served upon the Defendants new translations/transcripts of foreign-language matters after its deadline of February 18, 2005, these translations/transcripts should also be excluded at trial absent a contrary order of the trial judge.

For similar reasons, insofar as the motion seeks reconsideration of the deadlines for producing counter-translations/transcripts, it is DENIED except that, consistent with the last Order, Mr. Fariz and the other Defendants shall have until June 6, 2005, to produce any additional translations/transcripts intended to be offered in their respective cases-in-chief.

**Done and Ordered** in Tampa, Florida, this 20th day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of record

5