**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No.  8:03-cr-77-T-30TBM

**SAMI AMIN AL-ARIAN,** *et al.*

## ORDER

This cause came on for consideration without oral argument upon Defendant Fariz's Motion in Limine to Preclude the Admission of Evidence of Certain Overt Acts (Dkt. #981)[1] and the Government's response thereto (Dkt. #1001). Defendant Fariz and the co-defendants in this case are charged with numerous crimes arising out of their alleged association with the Palestinian Islamic Jihad (the "PIJ"), including conspiracy to kill persons in a foreign country under 18 U.S.C. § 956(a)(1)[2] (the "Conspiracy Count") and unlawfully conspiring

---

[1] Defendant Fariz's Motion is effectively a motion to strike because he is arguing that the allegations in Overt Acts 17, 124, 131, and 321 of the Superceding Indictment do not constitute unlawful activity and he is asking that the Government be precluded from presenting *any* evidence at trial in support of these allegations.

[2] 18 U.S.C. § 956 provides: "Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming  if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2)."

to participate in an enterprise through a pattern of racketeering activity under 18 U.S.C. § 1962(d)[3] (the "RICO Count").

In his Motion, Defendant Fariz contends that the Government is relying impermissibly on armed attacks against Israeli soldiers and armed settlers in militarily-occupied territories as Overt Acts in support of the Conspiracy and RICO Counts. According to Defendant Fariz, the Government can not rely on this evidence as Overt Acts because it constitutes an extraterritorial application of American law in violation of customary international law. Defendant Fariz also contends as a corollary that armed attacks committed under these circumstances do not constitute "murder" under 18 U.S.C. § 956(a)(1) and 18 U.S.C. § 1962 because international humanitarian law recognizes the right of an occupied people to engage in armed clashes with troops of a foreign occupier.

Defendant Fariz's first argument that the Government may not rely on these attacks because this would constitute an improper extraterritorial application of American law is denied. Contrary to Defendant Fariz's contentions, American law is not being applied extraterritorially in this case. A substantive offense and the conspiracy to commit it are separate and distinct offenses, see e.g., United States v. Felix, 503 U.S. 378, 389-390 (1992), and members of a conspiracy "occurring partly within the United States" may be prosecuted

---

[3] 18 U.S.C. § 1962(d) provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." Defendants are alleged to have conspired to violate subsection (c), which provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise' affairs through a pattern of racketeering activity or collection of unlawful debt."

for their participation in the conspiracy "without resort to any theory of extraterritorial jurisdiction." United States v. Inco Bank & Trust Corp., 845 F.2d 919, 920 n.4 (11th Cir. 1988). This is true regardless of whether some members of the conspiracy commit overt acts outside the United States, see id.; United States v. McKeeve, 131 F.3d 1 (1st Cir. 1997), or the ultimate objective of the conspiracy is intended to take place in a foreign country. Cf. Pasquantino v. United States, 125 S.Ct. 1766, 2005 WL 946716, *40-41 (Apr. 25, 2005) (holding that the federal wire fraud statute was not given "extraterritorial effect" when used to prosecute defendants that used interstate wires in the United States to execute a scheme to defraud the Canadian government of tax revenue because it was the "domestic element" of defendants' actions that was being punished). Because Defendant Fariz is being prosecuted for participating in a conspiracy that occurred inside the United States and not for the alleged acts of murder committed in the Middle East, American law is not being applied extraterritorially in this case.

Defendant Fariz's second argument that the attacks alleged to have been committed by PIJ co-conspirators are not "murder" under 18 U.S.C. § 956(a)(1) and 18 U.S.C. § 1962 is also denied.[4] Defendant Fariz contends that the acts of violence the Government is relying

---

[4] The definition of "murder" as "the unlawful killing of a human being with malice aforethought" set forth in 18 U.S.C. § 1111 applies to the Conspiracy Count. For purposes of the RICO Count, "murder" as defined by 18 U.S.C. § 1111 and Fla. Stat. Ch. 782.04 (2003) ("the unlawful killing of a human being") applies because the Government is relying on violations of 18 U.S.C. § 956 and Fl. Stat. Ch. 777.04(3) as Overt Acts to establish "racketeering activity" under 18 U.S.C. § 1961.

(continued...)

on as Overt Acts in support of the Conspiracy and RICO Counts were not "unlawful killings." Defendant Fariz maintains that these acts of violence were perpetrated by "occupied Palestinians acting against Israeli military targets in occupied territory" and, therefore, were lawful acts of war under international law.

It would seem reasonable that it would not be "murder" for citizens to defend themselves and their property against foreign military aggression, but Defendant Fariz's argument fails because he has presented no evidence that the alleged PIJ co-conspirators charged with committing the acts of violence set forth in the Overt Acts were "lawful combatants" under U.S. law.[5] "The law of war draws a distinction between the armed forces and the peaceful populations of belligerent nations *and also between those who are lawful and unlawful combatants.*" Ex Parte Quirin et al., 317 U.S. 1, 30-31 (1942) *(emphasis added)*. Only persons qualifying as "lawful combatants" under treaties ratified by the United States are entitled to immunity from prosecution for acts committed against a belligerent enemy. Id.; United States v. Lindh, 212 F.Supp. 2d 541, 553 (E.D. Va. 2002).

---

[4](...continued)
This Court notes that 18 U.S.C. § 956 does not appear to be listed in 18 U.S.C. § 1961 as a form of "racketeering activity." The parties are instructed to file a brief addressing this issue within five (5) days of this Order.

[5] The Government also argues in its response that the acts committed by the alleged co-conspirators would still constitute unlawful killings even if they qualified as "lawful combatants" because this status of immunity does not apply to the Israeli-Palestinian conflict and because the United States is not a party to this conflict. The Court need not resolve these issues, however, in light of its determination that the PIJ co-conspirators in this case do not qualify as "lawful combatants" under U.S. law.

To receive the protections and immunities of lawful combatant status, one must be a member of an organization who is commanded by a person responsible for his subordinates, wears a fixed distinctive emblem or uniform recognizable at a distance, carries arms openly, and conducts his operations in accordance with the laws and customs of war. Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316, 75 U.N.T.S. 135, art. 4(A)(2) ("Geneva Convention"); Hague Convention Respecting the Laws and Customs of War on Land, Annex Ch.1, Sec. 1, Art. 1, Oct. 18, 1907, 36 Stat. 2277, T.S. No. 53 ("Hague Convention").

Defendant Fariz has cited to resolutions passed by the United Nations Security Counsel and General Assembly, foreign court decisions, international law treatises and journals, reports issued by the United States Department of State, and the Additional Protocol to the Geneva Convention in support of his argument. Apart from not constituting U.S. law, none of these sources establish that the alleged PIJ co-conspirators were "lawful combatants" at the time they allegedly committed the Overt Acts, or that the laws of war set forth in the Geneva and Hague Conventions do not apply to Palestinians in the Israeli-occupied territories. The Government, therefore, may rely on the attacks alleged to have been committed by PIJ co-conspirators as Overt Acts in support of the Conspiracy and RICO Counts.

It is therefore ORDERED and ADJUDGED that:

1. Defendant Fariz's Motion in Limine to Preclude the Admission of Evidence of Certain Overt Acts (Dkt. #981) is **DENIED**.

2. The parties shall file briefs on the issue identified in footnote 4 of this Order within five (5) days.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2003\AL-ARIAN\Motn Limine Preclude Evidence Foreign Overt Acts.wpd