UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:03-CR-77-T-30TBM

HATEM NAJI FARIZ

**REVISED PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, Hatem Naji Fariz, and the attorney for the defendant, M. Allison Guagliardo, mutually agree as follows:

A.  **Particularized Terms**

   1.  Counts Pleading To

   The defendant shall enter a plea of guilty to Count Four of the Superseding Indictment. Count Four charges the defendant with Conspiracy to make or receive contributions of funds, goods or services to or for the benefit of the Palestinian Islamic Jihad, a Specially Designated Terrorist, in violation of 18 U.S.C. § 371.

   2.  Maximum Penalties

   Count Four carries a maximum sentence of five years imprisonment, a fine of $250,000, and a term of supervised release of not more than three years. Each count carries a special assessment of $50 per felony count for offenses committed prior

Defendant's Initials H.F.    AF Approval

to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400" respectively, said special assessment to be due on the date of sentencing.

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Four are:

> First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan;
>
> Second: That the object of the plan was to make or receive a contribution of funds, goods, or services, to, or for the benefit of, a Specially Designated Terrorist;
>
> Third: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it;
>
> Fourth: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the "overt acts" described in the Superseding Indictment; and
>
> Fifth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

4. Utilization of the Sentencing Guidelines

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the Court determine the defendant's applicable guidelines range and defendant's guidelines sentence, with any applicable departures, pursuant to the United States Sentencing Guidelines.

Defendant's Initials H.F.    2

5.  **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts One, Three, Twenty, Thirty-Three and Thirty-Eight through Forty will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.  **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the Counterterrorism Section of the United States Department of Justice agree not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office or the Counterterrorism Section at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.  **Sentencing Guideline Range**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the appropriate disposition of this case is a sentence within the range of 37 to 46 months. The Court may accept or reject this agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. If the Court rejects this agreement, it must give the defendant an opportunity to withdraw the plea of guilty and advise the defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Defendant's Initials H.F.                                      3

8. <u>Low End Recommendation</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), at the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range as specified in paragraph A-7. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Recommendation as to Fine</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), at the time of sentencing, the United States agrees to make no recommendation as to the imposition or amount of a fine. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

10. <u>Recommendation as to Facility</u>

The parties understand that: a) the defendant is free to ask the Court to recommend that the Bureau of Prisons designate a particular facility or type of facility in which the defendant should serve his sentence in this matter; and b) the government defers to the Bureau of Prison to designate the facility and type of facility in which the defendant should serve his sentence in this matter.

Defendant's Initials _H.F_     4

11. Recommendation as to Self-Surrender

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees not to oppose the Defendant's request to self-surrender to the institution in which he will serve his sentence.

## B. Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands the Court will inform and determine that the defendant understands the maximum monetary penalties pursuant to Fed. R. Crim. P. 11(b)(1)(H - L). On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

### 2. Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or

Defendant's Initials H.F.         5

defendant's counsel, and to correct any misstatements or inaccuracies. The United States reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.

4.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Except as otherwise provided in Paragraphs A5 and A7 in this agreement, defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence on appeal, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _HF_     6

5. Appeal of Sentence-Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Department of Justice Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Counterterrorism Section of the Department of Justice and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials  H.F           7

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in

Defendant's Initials _HF_   8

the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

a. Defendant Fariz knew that Mazen Al-Najjar (Al-Najjar) and Ramadan Abdullah Shallah (Shallah) were or had been associated with the Palestinian Islamic Jihad (PIJ).

b. On or about January 23, 1995, President William Clinton issued Executive Order 12947, which declared a national emergency regarding the grave acts of violence committed by foreign terrorists that disrupted the Middle East Peace Process. Executive Order 12947 prohibited certain transactions, including the making or receiving of any contribution of funds, goods, or services, to or for the benefit of organizations and individuals who were declared "Specially Designated Terrorists." Executive Order 12947 also made unlawful any transaction that evaded or avoided, or had the purpose of evading or avoiding, or attempted to violate, any of the prohibitions

Defendant's Initials _HF_

set forth in the Order. By January 24, 1995, the United States had designated the Palestinian Islamic Jihad ("PIJ"), Sheik Abd Al Aziz Awda and Fathi Shiqaqi as Specially Designated Terrorists. Later that year, in November, 1995, the United States designated Ramadan Shallah as a Specially Designated Terrorist.

    c.    Defendant Fariz knew that the PIJ achieved its objectives by, among other means, acts of violence.

    d.    Subsequent to the issuance of the Executive Order, defendant Fariz agreed with others to perform services for the PIJ or its agents, and did perform services for the benefit of the PIJ. Defendant Fariz knew that it was unlawful to do so when he did it. Some of these services are described with more particularity in the following paragraphs.

    e.    In March 1995, defendant Fariz sent Shallah a package of tapes that contained statements made or written by Shallah concerning the PIJ.

    f.    On or about March 15, 1995, defendant Fariz had a telephone conversation with Shallah. Shallah advised defendant Fariz that the package of tapes had not yet arrived. Defendant Fariz said he sent the package to the post office box used by the World Islam Studies Enterprise (WISE). Shallah expressed concerns about the package being sent to WISE and being seized because of its contents.

    g.    On or about March 17, 1995, defendant Fariz had a telephone conversation with Maha Shallah (Shallah's wife), who told him that the package containing the tapes had arrived unopened.

Defendant's Initials *H.F*        10

  h. In the summer of 2000, co-defendant Mazen Al-Najjar was a respondent in Immigration deportation proceedings. On August 8, 2000, co-defendant Al-Arian directed defendant Fariz to arrange a newspaper interview with co-defendant Abd Al Aziz Awda in Gaza.

  i. On or about August 9, 2000, co-defendant Al-Arian and defendant Fariz had a telephone conversation about causing one or more newspaper articles to be written on co-defendant Awda. They desired to utilize these articles in the INS hearings regarding Al-Najjar and wanted them to portray Awda as a religious figure, who returned to Gaza with the permission of the Israelis, and who had no relation to the PIJ.

  j. Elehssan Society was a "social, cultural, and athletic" organization located in Gaza and the West Bank which was associated with the PIJ.

  k. On November 10, 2002, defendant Fariz had a telephone conversation with an individual associated with the Elehssan Society (Benevolence Society). Fariz asked the individual to put the name Al-Birr wal-Elehssan Society (Charity and Benevolence Society) on receipts for monetary donations, because Fariz had heard that the name was not accepted in the United States. Fariz subsequently sent money to the Elehssan Society to sponsor social programs.

  10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _HF_    11

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 17th day of May, 2006.

PAUL I. PEREZ
United States Attorney

_____
Hatem Naji Fariz
Defendant

By: _____
Terry A. Zitek
Executive Assistant United States Attorney

_____
M. Allison Guagliardo
Attorney for Defendant

_____ For:
James R. Klindt
First Assistant United States Attorney